UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA M.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C19-5522 BHS

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

## I. BASIC DATA

Type of Benefits Sought:

    (  ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex:  Female

    Age:  30 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Dyslexia, social anxiety, anemia, posttraumatic stress disorder, depression, back, hip, and knee problems, memory loss, ringing ears, and acid reflux.  Admin. Record ("AR") (Dkt. # 7) at 122–23.

Disability Allegedly Began:  August 31, 2016

Principal Previous Work Experience:  None

Education Level Achieved by Plaintiff:  High school diploma

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ") Allen G. Erickson:

Date of Hearing: March 6, 2018

Date of Decision: June 22, 2018

Appears in Record at: AR at 15–29

Summary of Decision:

The claimant has not engaged in substantial gainful activity since August 31, 2016, the amended alleged onset date. *See* 20 C.F.R. §§ 416.971–76.

The claimant has the following severe impairments: Anxiety disorder, dyslexia, and obesity. *See* 20 C.F.R. § 416.920(c).

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

The claimant has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with limitations. She can occasionally climb ladders, ropes, or scaffolds. She can understand, remember, and apply short, simple instructions. She can perform routine, predictable tasks not in a fast-paced production type environment. She can make simple work decisions and be exposed to few workplace changes. She can have no interaction with the general public and occasional interaction with co-workers.

The claimant has no past relevant work. *See* 20 C.F.R. § 416.965.

The claimant was a younger individual (age 18–49) on the date the application was filed. *See* 20 C.F.R. § 416.963.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. § 416.964.

Transferability of job skills is not an issue because the claimant does not have past relevant work. *See* 20 C.F.R. § 416.968.

> Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 416.969, 416.969(a).

Before Appeals Council:

Date of Decision: April 11, 2019

Appears in Record at: AR at 1–3

Summary of Decision: Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278

F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

Whether the ALJ harmfully erred in discounting Plaintiff's testimony regarding

the severity of her anxiety symptoms.[1]

## VII. DISCUSSION

**A. The ALJ Erred in Discounting Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ harmfully erred in discounting her testimony regarding the severity of Plaintiff's anxiety symptoms. Pl. Op. Br. at 2–4. Plaintiff testified that she has panic attacks and social anxiety. AR at 48, 254, 293. She testified that she has been prescribed medications, but they either did not work or made her sick. AR at 51–52. Plaintiff testified that she rarely leaves the house. AR at 59, 257. She testified that she often throws up when she gets to work. AR at 68. Plaintiff testified that she leaves her accommodated job at Goodwill early two days a week. AR at 69.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms;

---

[1] In her "Errors Alleged" section, Plaintiff alleged that the ALJ "erroneously rejected the opinion of Plaintiff's treating physician, Dr. Lomarda." Pl. Op. Br. (Dkt. # 9) at 1. But Plaintiff's argument focuses only on the ALJ's analysis of Plaintiff's symptom testimony; it does not mention Dr. Lomarda. *See id.* at 2–4. Plaintiff has failed to show harmful error with respect to the ALJ's treatment of evidence from Dr. Lomarda. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed.").

1 | she does not have to show that the impairment could reasonably be expected to cause the

2 | severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because

3 | her medically determinable impairments could reasonably be expected to cause the

4 | symptoms she alleged. AR at 22.

5 | If the claimant satisfies the first step, and there is no evidence of malingering, the

6 | ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing

7 | reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678

8 | (quoting *Garrison*, 759 F.3d at 1014–15). In evaluating the ALJ's determination at this

9 | step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885

10 | F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial

11 | evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's

12 | testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

13 | The ALJ discounted Plaintiff's testimony for two reasons. AR 22–24. The ALJ

14 | reasoned that Plaintiff's complaints were out of proportion with the medical evidence,

15 | and inconsistent with Plaintiff's daily activities.[2] *Id.*

16 | The ALJ's first reason for discounting Plaintiff's symptom testimony does not

17 | withstand scrutiny. An ALJ may reject a claimant's symptom testimony when it is

---

[2] The Court requested supplemental briefing "addressing whether the ALJ erred in rejecting Plaintiff's testimony regarding the severity of her anxiety symptoms based on Plaintiff's activities of daily living." Order Req. Supplemental Br. and Renoting Pl.'s Mot., Dkt. # 12, at 2. Both parties submitted briefs in response to the Court's Order. *See* Dkts. ## 13–14.

The Government argues in its supplemental response that Plaintiff waived arguments made for the first time in her reply. Dkt. 13 at 2. This argument is without merit given that the Court requested supplemental briefing directly addressing these arguments, which cures any prejudice based on due process.

contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the Plaintiff's testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Furthermore, the ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ discounted Plaintiff's testimony in part because her "actual treatment has been overall minimal with few medications prescribed for anxiety, and only some periods of counseling." AR at 23. But Plaintiff was in mental health counseling for several years. *See* AR at 340–428, 521–634. Absent a more detailed explanation, the ALJ's statement here does not contradict Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ further noted that Plaintiff's psychiatric screenings during mental health counseling indicated anxiety and mood issues, but normal appearance, speech, and thought process, as well as no psychotic symptoms. *See* AR at 23. Similarly, the ALJ noted that examining psychologist Alysa Ruddell, Ph.D., stated that Plaintiff had symptoms of anxiety, but did not diagnose dyslexia or any learning disorder. *See* AR at 23–24. The ALJ erred here because he failed to explain why any of this contradicted Plaintiff's testimony. *See Brown-Hunter*, 806 F.3d at 493. Plaintiff alleged anxiety, and the records to which the ALJ referred documented anxiety symptoms. *See, e.g.*, AR at

391, 394, 397, 399, 401.  That Plaintiff did not have other psychological symptoms is irrelevant.

The ALJ's second reason for discounting Plaintiff's symptom testimony—inconsistency with her daily activities—also fails.  An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).  However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603).

The activities the ALJ cited here are basic life activities and do not contradict Plaintiff's testimony.  That Plaintiff was capable of "manag[ing] her personal care/hygiene," and "fix[ing] herself simple meals," for example, does not contradict her testimony that she has panic attacks and rarely leaves the house.  AR at 24.  Similarly, the fact that Plaintiff goes to the grocery store with her mother and socializes via the internet does not indicate that she could handle an ordinary work environment where she would have to interact with others unaccompanied.  *See id.*  Although Plaintiff works part-time at Goodwill, the record indicates that she struggles to maintain even a shortened work schedule due to panic attacks.  *See* AR at 68–69.  The ALJ thus erred in rejecting Plaintiff's testimony based on her activities of daily living.

**B.     Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. Pl. Op. Br. at 4. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Because Plaintiff presents no argument in support of her request, the Court finds it has not been adequately argued. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived."). The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her anxiety. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## VIII.  ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is REVERSED and this matter is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 15th day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge